

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-20-2007

# Newman v. Gen Mtr Corp

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2473

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Newman v. Gen Mtr Corp" (2007). *2007 Decisions*. Paper 907.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/907

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-2473
_____

STEVEN G. NEWMAN, EXECUTOR UNDER
THE WILL OF MICHAEL GREEN, DECEASED

v.

GENERAL MOTORS CORPORATION,

Appellant

_____

On Appeal From the United States District Court
for the District of New Jersey
(No. 02-cv-00135)
District Judge: Honorable Katharine S. Hayden

Submitted Under Third Circuit LAR 34.1(a)
May 21, 2007

Before: BARRY, CHAGARES, *Circuit Judges* and TASHIMA*, Senior Circuit Judge.*[*]

(Filed: June 20, 2007)
_____

OPINION OF THE COURT
_____

---

[*] The Honorable A. Wallace Tashima, Senior Circuit Judge of the United States
Court of Appeals for the Ninth Circuit, sitting by designation.

CHAGARES, *Circuit Judge*.

This is an appeal of an order of the District Court affirming the decision of United States Magistrate Judge Patty Shwartz to compel the disclosure of materials that Appellant General Motors Corporation ("GM") contends are protected by the attorney-client privilege and the work product doctrine. The District Court had jurisdiction pursuant to 28 U.S.C. § 1332(a). We have jurisdiction based on the collateral order doctrine embodied in 28 U.S.C. § 1291. See In re Cendant Corp. Sec. Litig., 343 F.3d 658, 661 & n.5 (3d Cir. 2003) (citing Montgomery County v. Microvote Corp., 175 F.3d 296, 300 (3d Cir. 1999) (following the "bright-line rule permitting appeals from discovery orders requiring the disclosure of content putatively privileged by the attorney-client and work-product privileges")). After careful consideration of the arguments set forth by the parties, we will affirm for substantially the same reasons expressed in Judge Shwartz's thorough opinion.

I.

We assume the parties' familiarity with the facts and legal proceedings below, and therefore need not engage in a lengthy recitation.

Michael Green, who has subsequently died, was injured in a car accident which rendered him quadriplegic. At the time of the accident, Green was driving a 1986 Chevrolet IROC Camaro with a T-top roof. Green brought a lawsuit in state court claiming, *inter alia*, product design defect. Green ultimately prevailed at trial and was

awarded approximately $17 million. GM appealed the jury verdict.[1]

During the appeal, Green's attorney learned about documents produced in a similar case in Tennessee which, according to counsel, demonstrated GM's knowledge, consideration and rejection of the alternative design Green's expert proffered at trial. Thereafter, Green's estate, by and through Newman, brought the present lawsuit claiming fraudulent concealment of evidence, negligent concealment of evidence, and a violation of the New Jersey Racketeer Influenced and Corrupt Organizations Act ("RICO"). According to Newman, the Tennessee documents were directly responsive to discovery requests in the underlying case and supported Green's claim that GM recognized the dangers of the roof design of the Chevrolet IROC Camaro. Because of GM's failure or refusal timely to disclose those documents in Green's case, Green was denied a claim for punitive damages.

Discovery proceeded and Newman sought information and documents related to the communications between GM and its counsel in the Green case. GM, in turn, asserted attorney-client privilege and the work product doctrine. Newman argued that the crime-fraud exception applied.

In an exhaustive ninety-nine page opinion, encompassing findings of fact elicited

---

[1] The state appellate court upheld the verdict against GM but remanded for remittitur to reflect the present value of the awards of post-judgment medical expenses and earnings. Green v. General Motors Corp., 310 N.J. Super. 507, 547 (App. Div. 1998). Final judgment was entered against GM in the amount of approximately $14 million.

during an eight-day hearing, Judge Shwartz agreed with Newman that the crime-fraud exception applied to pierce both the attorney-client privilege and the work product doctrine. Upon review of all of the issues raised by GM, we find no error in the findings of fact or legal conclusions drawn by Judge Shwartz and see no need to expand upon her fine opinion. Accordingly, we will affirm.